**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| LUKE A. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-cv-03037 |
| | ) | |
| GEORGEANNE OSMER & | ) | |
| GWENDOLYN M. THOMAS, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Plaintiff Luke Thomas ("Luke") brings this Complaint alleging that his soon-to-be ex-wife, Defendant Gwendolyn Thomas ("Gwendolyn"), and his mother-in-law, Defendant Georgeanne Osmer ("Georgeanne"), violated his various civil rights. (Doc. 1). Before the Court are Georgeanne's Motion to Dismiss (Doc. 7) and Gwendolyn' Motion to Dismiss (Doc. 8), to which Luke has filed Responses (Doc. 12 and Doc. 11, respectively). For the foregoing reasons, the Court dismisses Luke's Complaint (Doc. 1) for lack of subject matter jurisdiction under 28 U.S.C. § 1331.

## I.     PROCEDURAL BACKGROUND

On September 12, 2022, Gwendolyn initiated a dissolution of marriage proceeding against Luke in Cass County Case No. 22-DC-15. (Doc. 8 at 2). On October 3, 2022, Luke filed a multi-count complaint against Gwendolyn alleging a number of state law claims. (*Id.*; *see also* Cass County Case No. 22-LA-7). On February 14, 2023, Luke filed the instant Complaint against both Gwendolyn and Georgeanne alleging a bevy of state law claims.

(Doc. 1). On February 21, 2023, Luke filed a motion to voluntarily dismiss his Cass County Complaint, which was granted on April 28, 2023. (Doc. 11 at 15; 15-1; 15-4).[1] The dissolution of marriage proceeding remains pending. *See* Cass County Case No. 22-DC-15.

On April 17, 2023, Gwendolyn filed her Motion to Dismiss (Doc. 8) requesting dismissal under Fed. R. Civ. P. 8, and Fed. R. Civ. P. 12(b)(4) for failure to state a claim for which relief can be granted. (Doc. 8, at 5-6).[2] On April 17, 2023, Georgeanne also filed her Motion to Dismiss (Doc. 7) arguing for dismissal under Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted. On May 9, 2023, Luke filed Responses (Doc. 11; Doc 12) to the Motions to Dismiss.

## II.   FACTUAL BACKGROUND

On Valentine's Day of 2023, Luke filed a Complaint against soon-to-be ex-wife, Gwendolyn, and his mother-in-law, Georgeanne (together, "Defendants"). (Doc. 1). Luke's Complaint sets forth what he calls a civil rights action for violations of his rights, as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1985, the United States Constitution, and the laws of the State of Illinois. (Doc. 1 at ¶ 1). Luke claims this Court has proper subject matter jurisdiction because his claims arise generally under questions of federal

---

[1] Because Luke voluntarily dismissed his state court case, the Court need not conduct a *Younger* abstention analysis. *Ewell v. Toney*, 853 F.3d 911, 916 (7th Cir. 2017) (Under *Younger*, federal courts are required to abstain from taking jurisdiction over federal constitutional claims when "there is an *ongoing* state proceeding that is judicial in nature, involves important state interests, provides the plaintiff an adequate opportunity to raise the federal claims, and no exceptional circumstances exist.") (emphasis added).
[2] Gwendolyn asserts her argument under Fed. R. Civ. P. 12(b)(4), but the Court interprets this is an argument for dismissal under Fed. R. Civ. P. 12(b)(6).

law, namely, 42 U.S.C. §§ 1985 and 1988, the First, Fourth, and Fourteenth Amendments to the United States Constitution, and the rules and regulations of the United States Bureau of Alcohol, Tobacco, and Firearms. (*Id.* at ¶¶ 2-6). However, Luke never explains how any of the alleged claims in his Complaint arise under federal law. Instead, he spends 46 pages of his 52-page Complaint divulging the personal and intimate details of the downfall of his marriage with Gwendolyn. (*See* Doc. 1). Of note are the following allegations:

- Gwendolyn would "insist [Luke] perform an unreasonable number of household chores;" (*Id.* at ¶ 36)

- Gwendolyn would "easily lose her temper with not only [Luke], but also with the minor children;" (*Id.* at ¶ 41)

- Gwendolyn would "remind [Luke] he had no family in the area and that he was going to die alone;" (*Id.* at ¶ 44)

- Gwendolyn would "go to lunch with male attorneys and go out for drinks after work without telling [Luke];" (*Id.* at ¶ 52)

- Gwendolyn would "threaten to get rid of the family pets;" (*Id.*)

- Gwendolyn would "repeatedly mock [Luke's] medical conditions, including the frequency he had to use the bathroom and his appearance;" (*Id.* at ¶ 60)

- Gwendolyn "failed to provide proper meals" to the parties' children; (*Id.* at ¶ 63)

- Gwendolyn insisted that Luke complete her MCLE requirements; (*Id.* at ¶ 90)

- Gwendolyn "became exceptionally hostile and cruel, in attempts to gaslight [Luke] by refusing to assist [Luke] with their son's diabetic needs and by refusing to assist in any manner in cleaning their home;" (*Id.* at ¶ 103)

- Gwendolyn also refused to help Luke clean the parties' "marital bedroom for the first time in 11 years;" (*Id.* at ¶ 108).

Luke's Complaint continues with allegations of Gwendolyn's drinking habits, prescription drug usage, and asserts that Defendant Georgeanne trespassed on the couples' marital property to help Gwendolyn move out. (*See id.* at ¶¶ 107-115). Finally, several allegations involve Gwendolyn's mismanagement of the law firm previously operated by Luke and Gwendolyn. (*See id.* at ¶¶ 45-135).

It was only after the assertions of marital discord that Luke identified the counts against Defendants. Specifically, Count I asserts a claim of Breach of Fiduciary Duty against Gwendolyn; Count II asserts a claim of Misappropriation of Work Product and Proprietary Data against both Defendants; Count III asserts a claim of Unjust Enrichment against Gwendolyn; Count IV asserts a claim of Tortious Interference with Business against Gwendolyn; Count V asserts a claim of Breach of Partnership Agreement against Gwendolyn; Count VI asserts a claim  of Intentional Infliction of Emotional Distress against Defendants; Count VII asserts a claim of Intentional Trespass to Real Land against Georgeanne; Count VIII asserts a claim of Theft/Conversion of Personal Property against Defendants; and Count IX requests punitive damages as to all counts. (*See id.* at ¶¶ 135-149).

## III.    LEGAL STANDARD

Subject matter jurisdiction refers to a court's power to adjudicate a case. *Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154, 160-61 (2010). The presence of jurisdiction is "the first question in every case," *State of Ill. v. City of Chi.,* 137 F.3d 474, 478 (7th Cir. 1998),

because without it "the court cannot proceed at all," *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (internal quotation omitted). Courts have a duty to establish the existence of subject matter jurisdiction, regardless of whether the parties raise this issue, prior to addressing the substance of any case. *See Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009). If a district court determines at any time that it lacks subject matter jurisdiction, it "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

There are two types of subject matter jurisdiction in federal court: diversity jurisdiction pursuant to 28 U.S.C. § 1332[3] and federal question jurisdiction pursuant to 28 U.S.C. § 1331. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction demands not only a contested federal issue, but a substantial one. *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 310 (2005). A defendant in federal court may move for the dismissal of a claim for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. To state a cognizable claim under federal notice pleading, a plaintiff is required to provide a short and plain statement of the claim showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts as the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell*

---

[3] The Court need not conduct a diversity jurisdiction analysis because Luke admits each party is an Illinois resident. (See Doc. 1 at ¶¶ 2-11).

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41,

47 (1957)). Although detailed factual allegations are not required, Rule 8 "demands more

than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*,

556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 555).

Under a Rule 12(b)(6) motion to dismiss, the court "construe[s] the complaint in

the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged,

and drawing all possible inferences in [his] favor." *Tamayo v. Blagojevich*, 526 F.3d 1074,

1081 (7th Cir. 2008). A plausible claim is one that alleges factual content from which the

court can reasonably infer that the defendants are liable for the misconduct alleged.

*Ashcroft*, 556 U.S. at 678. Merely reciting the elements of a cause of action or supporting

claims with conclusory statements is insufficient to state a cause of action. *Id*.

## IV.   ANALYSIS

Luke argues that the Court has jurisdiction based on the following:

> This action is brought pursuant to 42 U.S.C. §§ 1985 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the Plaintiffs' constitutional and civil rights.
>
> ***
>
> There exists one or more federal questions and interpretation arising out of the controversy between the parties, including Plaintiff's rights under the Second Amendment of the United States Constitution, federal laws, and rules and regulations of the United States Bureau of Alcohol, Tobacco and Firearms.

(Doc. 1 at ¶¶ 1-2; ¶ 6). However, every identified count of Luke's Complaint asserts a state law claim, none of which have any relation to federal question jurisdiction under 28 U.S.C. § 1331. (*See* Doc. 1 at ¶¶ 135-149).

At the outset of his Complaint, Luke contends that Defendants violated his First, Fourth, and Fourteenth Amendment rights, as well as his rights under 42 U.S.C. § 1985. (Doc. 1 at ¶2; ¶ 6). Instead of explaining how Gwendolyn and Georgeanne specifically violated these constitutional rights, through short and plain allegations, Luke places the burden on the Court to navigate through 46 pages of marital-related allegations in the hopes of discovering a constitutional violation therein. It is not the task of the Court to develop cogent arguments for a plaintiff and then address what the plaintiff should or might have argued. *Aps Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 631 (7th Cir. 2002) ("'[I]t is not this court's responsibility to research and construct the parties' arguments,' and conclusory analysis will be construed as waiver."). The Court declines to speculate as to how Gwendolyn and Georgeanne seemingly violated Luke's constitutional rights.

Indeed, upon review of the Complaint, the Court finds Luke has not alleged sufficient facts to invoke federal question jurisdiction under 28 U.S.C. § 1331. In order to allege civil conspiracy under Section 1985, four elements are required: (1) a conspiracy; (2) intent to deprive equal protection; (3) an act in furtherance; and (4) an injury. *See United Bhd. of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983). Luke fails to demonstrate how the factual allegations meet these criteria, so his Section 1985 claim is dismissed.

Second, to state a First Amendment retaliation claim, a plaintiff must allege three elements: (1) they engaged in protected activity; (2) they faced an adverse action; and (3) that their protected conduct influenced that action. *Holleman v. Zatecky*, 951 F.3d 873, 878 (7th Cir. 2020). Luke's Complaint fails to allege short and plain statements sufficient to support his First Amendment retaliation claim.

Next, the Fourth Amendment safeguards against unreasonable searches and seizures by government officials. U.S. Const. Amend. IV. Luke fails to allege any such actions so as to invoke claims under the Fourth Amendment. The same holds true for Luke's alleged violation of the Fourteenth Amendment which limits government actions, not private conduct. U.S. Const. amend. XIV. Luke's Complaint fails to demonstrate a violation of the Fourteenth Amendment, as his allegations involve purely private individuals. *Anastasia v. Cosmopolitan Nat'l Bank*, 527 F.2d 150, 151 (7th Cir. 1975).

Finally, Luke argues the Court has jurisdiction over his remaining state law claims under 28 U.S.C. § 1367, which allows a district court to exercise supplemental jurisdiction over claims based upon state law that are closely related to the federal claims in a case. (*See* Doc. 1 at ¶¶ 135-149). Because Luke has failed to establish federal question jurisdiction under 28 U.S.C. § 1331, the Court declines to exercise supplemental jurisdiction over his remaining state law claims. *See Rifkin v. Bear Stearns & Co.*, 248 F.3d 628, 634 (7th Cir. 2001) (noting that if the Court determines it has no subject-matter jurisdiction over a plaintiff's federal claims, it is canonical that the Court cannot exercise supplemental jurisdiction over his state-law claims).

Accordingly, because Luke has failed to allege any claims arising under the Constitution, laws, or treaties of the United States, the Court will dismiss the Complaint for lack of subject matter jurisdiction under Rule 12(b)(1). Even if Luke had established subject matter jurisdiction, he has failed to allege details which are sufficient to provide Defendants with fair notice as to the basis of his claims under Rule 8(a)(2). Therefore, dismissal is also appropriate under Rule 12(b)(6) should the Court have jurisdiction over the subject matter.

Lastly, it is with great discontentment and concern that the Court addresses Luke's decision to file what the Court interprets as a potentially frivolous federal lawsuit as a means to harass and air his personal grievances against his wife. While Luke may have legitimate claims against the parties on state law grounds, he did not properly allege these claims and, instead, insisted on filing a complaint filled with allegations of marital discord. The judicial system is designed to uphold justice, protect rights, and promote the resolution of legitimate disputes. It is essential for individuals to approach the Court with respect, honesty, and a genuine belief in the merits of their case. As an officer of the Court for the past 17 years, Luke should know that federal court is not the appropriate forum for airing out marital conflicts, particularly those designed to malign a fellow member of the bar. The fact that one spouse insists the other spouse "perform an unreasonable number of household chores" does not an exception make. (Doc. 1 at ¶ 36). The Court strongly admonishes Luke for such conduct and encourages all parties to approach the legal process with the seriousness and integrity it deserves.

## V.     CONCLUSION

For the reasons stated above, Luke's Complaint (Doc. 1) is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Luke may file an amended complaint within 21 days of this Order. Defendants will maintain their ability to refile any motions to dismiss if an amended complaint is filed. The Clerk is DIRECTED to terminate Georgeanne's Motion to Dismiss (Doc. 7) and Gwendolyn's Motion to Dismiss (Doc. 8).

ENTER: January 29, 2024

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE